IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BASIL BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2411-P |
| | § | |
| ANGELA HENDERSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Basil Brown, a disgruntled litigant, against various state judges and court personnel. On December 31, 2006, plaintiff tendered a 34-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on February 9, 2007. The court now determines that this action should be summarily dismissed for failure to state a claim upon which relief can be granted.

II.

In November 2003, plaintiff and his former wife, Yvonne Brown, sued various parties in Texas state court for the wrongful foreclosure of their home. The case was assigned to the Honorable Merrill Hartman, Judge of the 192nd District Court. After considering eight different motions filed by plaintiff, Judge Hartman granted summary judgment in favor of the defendants on July 29, 2004. A motion for new trial was denied on September 23, 2004. Plaintiff timely appealed the summary judgment ruling to the Fifth District Court of Appeals. As required by Texas law, the district clerk filed its record with the appeals court on December 3, 2004. The court reporter filed her record, which consisted only of the hearing on plaintiff's motion for new trial, on March 11, 2005. During the next eight months, plaintiff filed no less than five motions for extension of time to file his appellate brief. In his first motion, plaintiff complained that the clerk included documents from another case in the record. That issue was promptly resolved. Plaintiff's second motion for extension of time alleged that the reporter's record failed to include exhibits from the hearing on his motion for new trial. On July 26, 2005, the court of appeals abated the appeal and ordered the trial court to conduct a hearing to determine the whereabouts of the exhibits. Following a hearing on August 12, 2005, the trial court entered findings of fact relating to the exhibits, which findings were adopted by the court of appeals. Having determined that the record was sufficiently complete to allow the appeal to proceed, the court ordered plaintiff to file his brief by October 28, 2005.

What followed was three more requests by plaintiff to extend the time for filing his appellate brief. All three requests were denied. Each time the court warned plaintiff that his appeal would be dismissed if he failed to timely file his brief. In the order denying plaintiff's fifth motion for extension of time and dismissing his appeal, the court wrote:

> The Court has given appellants numerous opportunities to file a brief. Appellants have raised numerous complaints about the record. Appellants waited more than six months after the reporter's record was filed to raise some of their complaints. The Court warned appellants several times that the Court would dismiss the appeal for want of prosecution for the failure to file a brief. Despite these warnings, appellants continued to complain about the record. Those complaints have been thoroughly examined.

*Brown v. Bryant*, 181 S.W.3d 901, 902 (Tex. App.--Dallas 2006, pet. denied). Dissatisfied with the disposition of this case, plaintiff now sues the trial judge, appellate judges, court clerk, and court reporter for violating his constitutional right to a direct appeal. As relief, plaintiff seeks an injunction and a declaratory judgment, including an order setting aside the dismissal of his state appeal, granting him a new trial, and requiring the clerk and court reporter to provide him with a complete copy of the record.[1]

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

---

[1] Plaintiff also requests "such other and further relief as this Court deems just and proper." (*See* Plf. Compl. at 32). To the extent plaintiff seeks money damages against the trial judge, appellate judges, and court clerk, such relief is without an arguable basis in law as those defendants have absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359-60, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978) (judges have absolute immunity for actions taken within the scope of their jurisdiction); *Clay v. Allen,* 242 F.3d 679, 682 (5th Cir. 2001) (court clerks are immune from actions for damages "arising from acts they are specifically required to do by court order or at a judge's discretion").

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability."  *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The gravamen of plaintiff's complaint is that he was denied the right to appeal the dismissal of his state lawsuit in violation of the due process clause and equal protection clause of the Fourteenth Amendment to the United States Constitution.  "The right to appeal is a statutory right, not a constitutional right."  *Able v. Bacarisse,* 131 F.3d 1141, 1143 (5th Cir. 1998), *quoting United States v. Mendiola,* 42 F.3d 259, 260 (5th Cir. 1994).  However, once a state has established a right to appeal, that right "may not be abrogated or otherwise administered in a way which denies an appellant of the constitutional right to due process or equal protection."  *Id.*  Still, state courts may promulgate and enforce rules according to which an appeal must be prosecuted.  *See Meyer v. Territory of Hawaii,* 164 F.2d 845, 849 (9th Cir. 1947), *cert. denied,* 68 S.Ct. 738 (1948).  "It is not unreasonable for an appellate court to dismiss an appeal in a case where the appellant has failed to comply with the rules . . . -- especially when the court has given previous warnings that the rule will be enforced."  *Id.* (citing cases).  Where, as here, a party claims that he was denied a fair appeal because of a missing or incomplete record, the party must show prejudice resulting from the deficiency.  *See McCray v. Barkley,* No. 03-Civ-4821-DAB/GWG, 2004 WL 32931 at *12 (S.D.N.Y. Jan. 7, 2004), *citing Godfrey v. Irvin,* 871 F.Supp. 577, 584 (W.D.N.Y. 1994).

1.

Judged against these standards, plaintiff cannot prevail on his due process claim.  Tex. R. App. P. 42.3, which governs the involuntary dismissal of appeals in civil cases, provides, in pertinent part:

> Under the following circumstances, . . . the appellate court may dismiss the appeal or affirm the appealed judgment or order. Dismissal or affirmance may occur if the appeal is subject to dismissal . . . because the appellant has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time.

TEX. R. APP. P. 42.3(c).  Another rule, Tex. R. App. P. 38.6(a), requires an appellant to file a brief within 30 days of the date the clerk's record is filed or the reporter's record is filed, whichever is later.  In this case, plaintiff's brief was originally due on April 10, 2005--30 days after the reporter's record was filed.  At plaintiff's request, that deadline was extended until the trial court could investigate the whereabouts of certain exhibits that were not included in the record.  The trial court held a hearing relating to the exhibits and entered findings that were adopted by the court of appeals. Instead of filing his brief by October 28, 2005 as ordered by the appellate court, plaintiff sought three additional extensions of time.  The court of appeals denied all three requests and warned plaintiff on two separate occasions that the failure to file a brief would result in the dismissal of his appeal.  When plaintiff failed to heed those warnings, his appeal was dismissed.  Such action had nothing to do with the state of the appellate record.  Rather, as the Texas Supreme Court has noted, "litigants who ignore our rules do so at the risk of forfeiting appellate relief."  *Bennett v. Cochran,* 96 S.W.3d 227, 230 (Tex. 2002).

Even if the dismissal of plaintiff's appeal was the result of a missing or incomplete record, he still cannot establish a due process violation.  When asked to explain how his case was prejudiced

by the fact that the appellate record was incomplete, plaintiff responded:

> In abatement hearing before trial court, the trial court allowed exhibits to be included with the one reporter's record filed in this appeal that were never even presented as evidence by Plaintiffs. This was prejudicial to Plaintiffs and further denied them of their right to appeal. All of the exhibits admitted into evidence in the one hearing held before the trial court judge in which a reporter's record was filed were material to the Plaintiffs' appeal. The Plaintiffs are lawfully entitled to a complete reporter's record in their appeal. The complete reporter's record consists of transcribed record at all ten (10) hearings and each and every exhibit admitted into evidence during those hearings. The reporter does not have any discretion in deciding which exhibits, or reporter's records, are material to the Plaintiffs' appeal and which exhibits are not. The reporter has a ministerial duty to mark all exhibits, file them with trial court clerk, and include those exhibits in the reporter's records filed in appellate court. She failed to do this. She only filed one of ten reporter's records timely requested by the Plaintiffs. Without all ten reporter's records, and exhibits, it is impossible for Plaintiffs to get a favorable ruling in appellate court. It is impossible because the appellate court must assume that all missing records support trial court final ruling. The Defendants, especially court reporter, . . . Ms. Henderson, violated several ministerial duties in the underlying proceeding. She routinely missed timelines. Her actions prejudiced Plaintiffs because of Plaintiffs' expectations regarding lost exhibits and traditional notions of fair play and substantial justice.

(Interrog. #5). Nowhere does plaintiff identify any of the missing exhibits or hearing transcripts. Nor does he explain why these missing materials were relevant to his appeal. Without more specific factual allegations, plaintiff cannot establish prejudice. *See McCray*, 2004 WL 32931 at *11, *quoting Godfrey*, 871 F.Supp. at 584 ("Speculation that the missing portions of the transcript reflect reversible error is not enough. Instead, petitioner must present 'some modicum of evidence [to] support such a conclusion.'").[2]

---

[2] Plaintiff's argument that he could not prepare a brief without a complete reporter's record of all 10 pretrial hearings is unavailing. Most of those hearings involved discovery disputes or other matters incidental to the summary judgment granted in favor of defendants. Moreover, in his last motion for extension of time filed on December 29, 2005, plaintiff requested an extension of the deadline for filing his appellate brief until 30 days after the clerk filed a supplemental record. That supplemental record, which was filed with the court of appeals on December 28, 2005, contained only plaintiff's request for a complete reporter's record--a document that had no bearing on the outcome of plaintiff's appeal of the summary judgment ruling. (*See* Plf. Compl. at 20, ¶¶ 101-102).

2.

Plaintiff's equal protection claim also lacks merit. In order to establish an equal protection violation, plaintiff must show that he "received treatment different from that received by similarly-situated individuals and that the unequal treatment stemmed from discriminatory intent." *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004). No such showing is made here. Although plaintiff, who is African-American, alleges that the defendants, who are white, conspired to force him to file an appellate brief with an incomplete record, (*see* Interrog. #3), there is no allegation that similarly-situated individuals in other groups were treated differently. Nor has plaintiff alleged any facts which, if proved, support an inference of discriminatory animus on the part of defendants. This claim is without an arguable basis in law and should be dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 14, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE