IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BASIL BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:06-CV-2411-P |
| | § | |
| ANGELA HENDERSON, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff filed the instant action on December 31, 2006. This Court referred the case to

the Honorable Judge Jeff Kaplan for initial screening pursuant to 28 U.S.C. § 636(b)(1). Judge

Kaplan issued his findings and recommendations on March 14, 2007, recommending that this

action be summarily dismissed for failure to state a claim upon which relief may be granted.

Plaintiff timely filed his objections to the magistrate judge's findings on March 28, 2007, which

the Court now reviews de novo. *See* 28 U.S.C. § 636(1)(C); Fed. R. Civ. P. 72(b).

## I.      Factual and Procedural Background

This is a civil rights action against certain state court judges, a court reporter, and court

personnel involved in Plaintiff's state court action for wrongful foreclosure. At the inset of his

state court appeal, Plaintiff requested five total extensions of time to file his brief and continued

to insist that the record on appeal was incomplete even after the appellate court adopted the

record as sufficient. When, after several extensions, Plaintiff failed to timely file his appellate

brief, the court dismissed his appeal. Plaintiff now alleges that this dismissal denied him his due

process right to an appeal and equal protection of the law.

Judge Kaplan found that Plaintiff cannot prevail on his due process claim because the appellate court is permitted, under Texas law, to deny appellate relief if a litigant fails to comply with court rules. Additionally, Plaintiff has asserted no specific prejudice he suffered due to the missing records. Judge Kaplan also found that Plaintiff cannot establish an equal protection claim because he has not alleged that similarly-situated individuals outside his protected class were treated differently. Plaintiff objects on several grounds to these findings.

## II.    Plaintiff's Objections

### A.    Timing of Magistrate Judge's Ruling

Plaintiff first objects to the magistrate judge's ruling as premature because Defendants have not yet been served and the magistrate judge did not hold a hearing. The statute authorizing a magistrate judge to initially screen a case allows the case to be dismissed *at any time*, with no requirement that a hearing be held or a defendant be served prior to such dismissal. *See* 28 U.S.C. § 1915 (e)(2). Accordingly, this objection is unfounded and, thus, OVERRULED.

### B.    The Record on Appeal

Plaintiff filed his notice of appeal on October 27, 2004.[1] The district clerk in state court filed the trial court record with the appellate court on December 3, 2004. The court reporter filed her record of the hearing on Plaintiff's motion for a new trial on March 11, 2005. Thus, Plaintiff's brief was originally due on April 10, 2005. Plaintiff then requested two extensions of time to correct the record, both of which were granted by the court of appeals; specifically,

---

[1] The procedural history of this case is not in dispute. *See Brown v. Bryant*, 181 S.W.3d 901, 901 (Tex. Civ. App.–Dallas 2006, pet. denied) and the Findings and Recommendation of the United States Magistrate Judge for a more in depth discussion of the factual and procedural history of the state court case.

Plaintiff complained that the record included documents from another case and that it was missing exhibits from the hearing on the motion for a new trial conducted in the trial court. On July 26, 2005, the court of appeals abated the appeal and ordered the trial court to conduct a hearing and determine the whereabouts of the alleged missing exhibits. Although the original exhibits could not be located, the trial court made findings of fact relating to the exhibits on August 12, 2005. The appeals court adopted the findings of fact, determined the record was sufficient to allow the appeal to proceed, and ordered Plaintiff to file his brief by October 28, 2005. Plaintiff then requested three more extensions of time and asserted new objections to the appeal record, this time complaining that it was missing the reporter's records from nine hearings leading up to the summary judgment hearing in the trial court. Determining that the record was sufficient to proceed, the appeals court denied all three requests and twice cautioned Plaintiff that failure to file his appeal brief would result in dismissal of his case. Accordingly, when Plaintiff failed to file an appeal brief by the final deadline, December 29, 2005, the appeals court dismissed the appeal. This action against court personnel followed. The bulk of Plaintiff's objections relate to the purportedly incomplete record.

The Court agrees with the magistrate judge that Plaintiff has not stated a claim for relief based upon the allegedly incomplete record. As the magistrate judge noted, Plaintiff's appeal was dismissed because he refused to comply with the orders and rules of the appellate court. This is a sound basis for dismissal. Tex. R. App. P. 42.3(c); *Meyer v. Territory of Haw.*, 164 F.2d 845, 849 (9th Cir. 1947). Additionally, Plaintiff has been given the opportunity in both his response to the magistrate judge's questionnaire and in his objections to identify, by name or

description, what particular exhibits or documents were absent from the appellate record and how Plaintiff was prejudiced by their absence. Although he repeatedly states that it is "virtually impossible" for him to prevail without the missing documents that are "material" to his case, Plaintiff has not identified a single exhibit or other material that, if included, would have allowed him to prevail on his appeal. The Court finds no utility in conducting an "evidentiary hearing" as requested by Plaintiff when he has failed to make such allegations. *See McCray v. Barkley*, No. 03-Civ-4821-DAB/GWG, 2004 WL 32931, at *11 (S.D.N.Y. Jan. 7, 2004) ("In order to demonstrate denial of a fair appeal, petitioner must show prejudice resulting from the missing or incomplete transcript."); *Gofrey v. Irvin*, 871 F.Supp 577, 584 (W.D.N.Y 1994) ("Speculation that the missing portions of the transcript reflect reversible error is not enough.") Further, the appellate court did not ignore Plaintiff's initial complaint regarding the missing exhibits, but abated the appeal and required the trial court to conduct a hearing and make findings of fact about the missing documents. Only after this safeguard did the court deem the appellate record sufficient. The Court will not now, without any specific allegation as to why the record was insufficient to allow Plaintiff to file his appellate brief, usurp the state appellate court's decision that the record on appeal was sufficient. Thus, any objections with respect to the alleged missing exhibits are OVERRULED.

Plaintiff further objects to the magistrate judge's findings and recommendation by asserting that he has a legal right to the nine reporter records from hearings held prior to the ultimate summary judgment hearing in the state trial court. The appellate court originally denied Plaintiff's request for these nine records because he failed to make such request until over six

months after the original record was filed in the appellate court, after the case had been remanded to the trail court and the issue of missing exhibits had been resolved. Additionally, Plaintiff made this request in lieu of filing the brief the appellate court directed him to file. Again, Plaintiff failed to comply with the rules and orders of the appellate court; thus, the Court finds no due process violation arising from the appellate court's decision to deny Plaintiff's request. To boot, as the magistrate judge notes, the majority of these hearings were incidental to the ultimate summary judgment determination. (*See* Findings and Recommendation at 5 n.2.) The district clerk indicated to the appellate court that no record was taken at those hearings. *Brown*, 181 S.W.3d at 902. Plaintiff has again failed to specifically identify any prejudice he suffered from the absence of these records. Accordingly, the Court OVERRULES this objection.

### C.     Timeliness of Appellant's Brief

Plaintiff further asserts that he was not given the statutory amount of time to file his brief because it is not due until 30 days after the record is complete, and the record was not complete until the clerk filed the supplemental record on December 28, 2005, making his brief due at the end of January of 2006.[2] The supplemental record contained only the Plaintiff's request for a complete reporter's record and had no bearing on the merits of Plaintiff's appeal. Plaintiff was given ample time to file his brief based on the merits of his appeal and the record the appellate court deemed sufficient; thus, the Court OVERRULES this objection.

---

[2] Plaintiff's appeal was dismissed on January 12, 2006.

## D.    Equal Protection Claim

Finally, Plaintiff asks that his equal protection claim not be dismissed until he is able to conduct discovery.  Plaintiff states that he "could find no instances in which individuals in any other groups were forced to file their direct appeal with an incomplete reporter's record that was properly, timely(pre-submission), requested." (Pl.'s Objections at 7.)  Plaintiff states outright that he has no evidence that he was treated differently than similarly situated individuals outside his protected class.  A party cannot assert a claim without any substantive factual allegations in hope of later discovering evidence of those allegations.  This claim is clearly subject to dismissal for failure to state a claim upon which relief can be granted and this objection is, therefore, OVERRULED.

## III.    Conclusion

In sum, after conducting a review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1), and after conducting a *de novo* review the points objected to by Plaintiff, I am of the opinion that the Findings and Recommendation of the Magistrate Judge are correct, and they are hereby accepted as the Findings of the Court.[3]

**It is so ordered.**

Signed this 9th day of August 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[3] In light of this Order, Plaintiff's Emergency Motion for Declaratory Judgment is DENIED.